Appeal dismissed on motion of counsel for appellees.
 *Page 851 
 SUPREME COURT OF FLORIDA Rules of Practice Adopted December 17, 1941. Effective April 1, 1942. Amended July 27, 1945. (Amendments made only to Rules 6, 12, 20, 21, 25 and 28. The amendments are in italics.) *Page 852 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 853 
 RULES OF PRACTICE ADOPTED DECEMBER 17, 1941 EFFECTIVE APRIL 1, 1942
RULE 1. INTERNAL GOVERNMENT OF THE SUPREME COURT.
(a) The Supreme Court may hear and determine cases when sitting en bane or in divisions. There shall be two permanent divisions of the Supreme Court, Division A and Division B. Each division shall be composed of the Chief Justice and three other Justices.
(b) The opinion, order, or judgment of a division shall be the opinion, order, or judgment of the Court unless the case involves (1) capital punishment, (2) the determination of a State or Federal Constitutional question wherein shall be brought into controversy, the constitutionality of a Federal or State statute, rule, regulation or municipal ordinance, (3) where there is a dissent to the proposed judgment of a division by a member thereof or the Chief Justice, and (4) where a case is ordered by the Chief Justice to be considered by two divisions. Such cases shall be adjudicated by the Court en banc, but in all others the decision of a division shall be final.
(c) When sitting en bane a majority of the Court shall constitute a quorum. When sitting en bane or in divisions, the Chief Justice shall preside and be the administrative officer of the Court. If the Chief Justice is unable to perform the duty imposed on him, the Justice longest in continuous service and able to do so, shall sit and officiate in his place.
(d) If a Justice of any division is absent or disqualified, the Chief Justice may assign a Justice of the other division or call in a circuit judge to sit in the cause or he may assign the case to the division in which there is no disqualified Justice. All cases may be set for oral argument by the Court or the Chief Justice.
(e) Each division of the court may consider and grant or deny applications for writs of mandamus, prohibition, quo warranto, certiorari, habeas corpus, or any other writ contemplated by Section Five, Article V of the Constitution; and if granted, such writs shall be made returnable according to law. *Page 854 
RULE 2. WRITS OF ERROR AND RETURN DAYS ABOLISHED— EFFECT OF NOTICE OF APPEAL.
(a) Writ of Error — Appeal Substituted. Relief by writ of error in this Court is hereby abolished. All relief heretofore obtained by writ of error shall be obtainable by appeal as in equity, and all law applicable to appellate proceedings at law or in chancery not inconsistent with the rules of this Court shall be applicable to appeals.
(b) Return Days Abolished. Return days of appeals are abolished and the date upon which the record on appeal is filed in this Court shall be the date from which the time for filing motions to dismiss, motions to strike briefs, etc., shall commence to run.
(c) Notice of Appeal. Effect of Filing. The filing of the notice of appeal with the Clerk of the Court whose order judgment or decree is appealed from shall give the Appellate Court jurisdiction of the subject matter and of the parties to the appeal, but it shall nevertheless be recorded in the minutes of the court whose order, judgment, or decree is appealed from.
RULE 3. MOTION DAY — NOTICE.
(a) Every Monday shall be Motion Day in this Court. Hearing on all motions not otherwise provided for will be had at 9:30 A.M. on any Motion Day provided a copy of the motion and notice of the hearing be served on the opposite party five days before the day set for hearing.
(b) No motion will be heard on any other day except in emergency. If the Court should not be in session on the day set for hearing the motion, it will be heard on some future day to be determined by the Court, of which the Clerk shall notify the parties.
RULE 4. MOTIONS TO QUASH, DISMISS OR STRIKE.
(a) Time for. Every motion on behalf of an appellee to quash or dismiss an appeal, or to strike the record or any portion thereof, must be filed and a copy thereof served upon the opposite party within ten (10) days after receipt of copy of the record on appeal by appellee as required by Rule 12 (i).
(b) When Heard. Upon proof of such service and without further notice to the opposite party, the Court will hear *Page 855 
said motion on the first Monday thereafter, if a period of five days has intervened; otherwise on the next succeeding Monday.
(c) Briefs and Argument. The parties may file briefs on the motion any time before the hearing at which time they will be permitted to submit oral arguments if they desire, but such permission shall not be construed to allow the movant to argue a motion to quash based on the ground that the appeal is frivolous, nor shall it prevent the court from dispensing with oral arguments.
(d) Stay of Proceedings. When a motion is made as provided by this rule, further proceedings or the filing of any paper or document in the cause will be suspended until the disposition of the motion. When the motion is disposed of, the cause will proceed under the rules unless otherwise ordered by the Court.
RULE 5. EVIDENCE IN SUPPORT OF MOTIONS.
All affidavits or evidence dehors the record offered in support of any motion before this Court shall be filed prior to the hearing thereon, and copies thereof served upon the opposite party in time to permit the offering of counter evidence, unless the motion be ex parte.
RULE 6. ATTORNEY AGENT OF CLIENT.
(a) In all matters relating to the prosecution or defense of an appeal, the attorney of record shall be accepted as the agent of his client, and any notice by or to such attorney, act of his, or step in the prosecution or defense of the appeal taken by him shall be accepted as the act, notice to, or step of the client.
(b) Any attorney of record who desires to withdraw as counselin a cause may do so only when his withdrawal is sanctioned bythis Court. He may file his motion or petition for that purposein this Court setting up the reasons for his withdrawal. A copyof said motion or petition shall be served on the client and itmay be heard and disposed of on any motion day provided fivedays notice thereof is served on the client and proof of suchservice furnished this Court. *Page 856 
RULE 7. PROGRESS DOC KET.
The Clerk shall keep a docket of all cases appealed to or which originate in this Court for the use of the bench and bar. Each case shall be docketed and numbered in the order that the record on appeal or the petition originating the cause is filed in this Court.
RULE 8. HEARING TO BE ON TRANSCRIPT ANDASSIGNMENT OF ERRORS.
No cause shall be heard until a transcript of the record thereof shall be filed in accordance wth the rules of this Court, and no assignment of errors will be heard or considered which is not properly based upon the transcript of the record as made up and prepared under rules governing the preparation of transcripts of record.
RULE 9. TAKING RECORD FROM CLERK'S OFFICE.
No record shall be suffered by the Clerk to be taken from his office or the courtroom, except by the justices of the Court or upon the order of the Court.
RULE 10. ASSIGNMENTS OF ERROR.
Assignments of error shall be construed liberally so as to permit the Court to consider the alleged errors of the trial court. If based on orders, evidence or charges they should be referred to and if based on motion for new trial the grounds relied on should be pointed out.
RULE 11. CONTENT OF RECORD ON APPEAL.
(1) Assignments of Error and Directions to Clerk.
(a) By Appellant. Appeals shall be deemed to have been commenced when the notice of appeal is filed with the Clerk as provided in Rule 2. Within ten days after the notice of appeal is filed, the appellant shall file with the Clerk of the trial court, his assignments of error and directions to the clerk for making up the transcript of record on appeal, the latter to designate the portions of the record, proceedings and evidence to be included. The assignments of error and directions to the Clerk may be combined in one document.
(b) By Appellee. The appellee shall within ten days after said service is made file with the Clerk of the trial court directions *Page 857 
designating additional portions essential to be included in the record on appeal.
(c) Cross Assignments of Error by Appellee. The appellee may include cross assignments of error with his directions, but the failure of an appellee to file cross assignments of error shall in no event be construed so as to prevent him from thereafter appealing from an adverse ruling.
(d) Additional Directions by Appellant if Cross Assignmentsare Filed. If the appellee files cross assignments of error the appellant may within five days file further directions for making up the transcript.
(e) Service on Adverse Party. Within the period of time for filing assignments of error and directions to the Clerk, the party filing same shall serve the adverse party with copies thereof and proof of such service shall be filed with the Clerk and included in the transcript of record.
(f) Stipulation as to Record. In lieu of the directions to the clerk for making up the record on appeal as directed in the preceding paragraphs, the parties may by written stipulation filed with the clerk of the trial court indicate such parts of the record, proceedings and evidence as should be included in the record on appeal.
(2) Record to be Abbreviated.
(a) Guide to Preparation of Record on Appeal. The questions raised or the grounds of appeal and cross-appeal as reflected in the assignments of error shall control the content of the record on appeal. All pleadings, evidence and other matters not essential to the decision of said question shall be omitted. Formal parts of all exhibits and more than one copy of any document, shall be excluded. Documents shall be abridged by omitting all irrelevant and formal parts.
(b) Penalty. Failure on the part of counsel or others to abbreviate the record on appeal as thus required will subject them to the payment of such costs as this Court may deem proper to impose.
(3) Reporter's Authenticated Transcript. For appellate purposes bills of exception and the formal authentication *Page 858 
thereof by the trial judge as now required are hereby abolished. When any proceedings in the trial court have been stenographically reported, within the time for filing directions by appellant, the court reporter shall certify a copy of his transcribed notes to the clerk of the trial court for use in the preparation of or as a part of the record on appeal. The trial court clerk shall not be required to verify nor shall he make a charge for any stenographic copy furnished and certified by a court reporter when physically incorporated in the transcript. The trial court at all times shall have power to make such report speak the truth.
Every reporter's transcript must comply with the requirements for the transcript of record.
(4) Authenticated Transcript of Trial Proceedings.
(a) May be in Question and Answer, Abstract, or NarrativeForm, or Both. If the record on appeal includes testimony taken at the trial or hearing, it may be in question and answer or narrative form or both as the party designating the inclusion may require unless the judge of the trial court shall otherwise direct. Other proceedings directed to be included in the record on appeal may be narrated or stated in question and answer form or both, or portions may be stated abstractly if in the judgment of the trial court the disposition of the cause will be facilitated. Immaterial substance shall be omitted. When any testimony is to be included in the record in narrative or abstract form, the party so directing shall prepare and file with his directions a condensed statement in narrative or abstract form of such testimony.
(b) Objections to Narrative or Abstract Statements. When there shall have been filed any directions to include any narrative or abstract statement or omit any evidence, then any other party may within five (5) days or within the time for filing directions, file and serve objections thereto and the reasons for such objections.
(c) Hearing on Objections. The trial court shall hear and consider such objections on short notice and order the evidence placed in the record as it was taken at the trial or in a manner to overcome any meritorious objections. *Page 859 
(5) Stipulated Record on Appeal. When the questions presented by an appeal can be determined without an examination of all the pleadings, evidence, and proceedings in the Court below, the parties may prepare and sign a statement of the cause showing how the questions arose and were decided in the lower court and setting forth only so many of the facts averred and proved or sought to be proved as are deemed essential to a decision of the questions by the appellate court, together with any assignments of error relied on by the appellant or appellee or both. Such stipulated record when certified by the clerk and transmitted to the appellate court shall constitute the entire record-on-appeal.
(6) Appellant May Prepare Record. If the appellant elects he may prepare the record on appeal from the directions to the clerk filed by the parties to the cause. In this event the clerk of the trial court shall be entitled to receive a fee only for verifying and certifying and otherwise making same meet the requirements of these Rules, and he shall not certify any record on appeal that does not comply with the rules of this Court.
(7) Several Appeals — One Record. When more than one appeal is taken to the same court from the same order, judgment or decree, a single record on appeal shall be prepared containing all the matter designated or agreed upon by the parties, without duplication.
(8) Correcting Record on Appeal.
(a) Differences as to Truth of Record. If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform with the truth.
(b) Material Omissions Supplied. If anything material to either party is omitted from the record on appeal by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the appellate court, or the appellate court, on a proper suggestion or of its own initiative may direct that the omission or misstatement shall be corrected, and if necessary that a *Page 860 
supplemental record shall be certified and transmitted by the clerk of the trial court. No other proceedings shall be necessary in event of a suggestion or diminution of the record.
(c) Appellate and Trial Court May Make Record Speak Truth.
Both the appellate and the trial court shall have power to rule on objections to the contents of the record on appeal and to make such order as unto it shall appear proper to promote the administration of justice and in order to reduce the volume of the record without injustice and yet present to the appellate court the matters complained of.
(9) Pleadings, Motions, Exhibits, and Other Papers Part ofRecord. All pleadings, motions, exhibits, and other papers properly filed in a cause and upon which any assignment of error is founded shall be considered a part of the record on appeal, without the necessity of authentication by recitals in the order, judgment or decree, or by certificate of the judge or the Court in which such proceedings were had settled after notice.
(10) Record Presumed to Contain Everything Material. Upon appellate proceedings it shall be presumed, unless the record shows to the contrary, that such record transmitted to the appellate court contains all proceedings in the trial court material to the questions presented for decision by the appellate court.
(11) Powers of Lower Court. After the entry of an appeal and before the record on appeal is filed in this court the things required to be done in the lower court and objections to things done, including the fixing or extension of time within which they shall be done, shall be under the supervision of the lower court, subject to the control of this Court.
(12) Required Contents of Every Record on Appeal. Every record on appeal shall contain the assignments of error, cross assignments of error, directions to clerk, notice of appeal and order, judgment or decree appealed from.
RULE 12. PREPARATION OF RECORD ON APPEAL.
(a) When Commenced. The preparation of the record on appeal shall be begun upon the expiration of the periods herein allowed the parties for filing their directions to the *Page 861 
Clerk or order on objections thereto. It shall be completed as expeditiously as possible and forthwith transmitted to the clerk of this Court under the hand of the clerk and seal of the court from which the appeal is taken.
(b) Limitation for Filing Record on Appeal. The record on appeal shall be filed in this Court in every case within forty (40) days from the time when the appeal was taken unless the time be extended by a judge of the court whose order, judgment, and decree is appealed from, or a justice of this Court, provided no extension for more than ten (10) days shall be granted without notice to the adverse party. If the extensionbe granted by the judge of the trial court a copy of the ordergranting such extension shall be immediately certified to theClerk of the Supreme Court by counsel at whose instance it wassecured.
(c) Type and Spacing. The record on appeal may be printed or typewritten, but in either event the lettering shall be black and distinct, type no smaller than small pica, double spaced and margin no less than one inch. Quoted matter shall be indented and single spaced.
(d) Paper and Size. The record shall be printed or typewritten on opaque, white unglossed paper. If printed the folio shall be 6 x 9 inches, or within one-half inch thereof; if typewritten, not larger than legal cap size.
(e) Pleadings and Orders Designated. Every pleading, order, judgment, or decree placed in the record on appeal shall be designated by name or kind in bold type at the top thereof without repetition of the caption of the cause. Indorsements shall be omitted unless material to some assignment of error. (e. g., not "Order" but "Order Sustaining Demurrer" or "Order Dissolving Injunction," etc., not "Demurrer" but "Demurrer to Amended Declaration," etc.)
(f) Binding, Titles, Volumes. All records shall be bound in pamphlet, and stitched if printed, securely fastened if typewritten, with headings in capital letters, subheadings in bold type not less than eleven point, and in case the volume exceeds two hundred sheets, it shall be bound in two or more folios with not more than two hundred sheets to each folio, provided *Page 862 
that any fraction of a folio may be included in the first folio if there be but one, or in last folio if there be more than one.
The cover on each volume shall contain the style of the cause, title of this Court, title of the court from which the cause was appealed, and the names and addresses of counsel, and if in more than one volume, the number of the volume shall also be stated.
(g) Preface. Index. In all cases the appellant shall preface the record with a complete index, giving in chronological order the date of the filing of each paper, order, or instrument in the court below, the name or character of the instrument and the page of the record where the same may be found. Deeds, contracts, and the like shall be described by the names of the parties thereto; names of witnesses and the pages where the testimony may be found shall also be designated.
(h) Photostatic Copies. No photostatic copy of any record or paper shall be used unless it is certified by the trial judge that a facsimile reproduction is essential to the consideration of the case because of some peculiarity on the original paper which would not be discernible in a typewritten or printed copy.
(i) Adversary's Copy of Record. The appellant shall furnish or cause to be furnished appellee with a copy of the record on appeal and cross-appellant shall furnish or cause to be furnished cross-appellee with a copy of that portion of the record required by reason of the cross-appeal, which requirements shall at all times preliminarily be under the control of the trial court and ultimately under the control of this Court but shall be done within 5 days from date the record on appeal is filed in this Court.
(j) Copies Filed in Clerk's Office. When it is made to appear that the service of a copy of a transcript on each appellee would work an undue hardship or unreasonable expense the trial court may in lieu of service authorize, after notice, the filing of at least one and not more than three copies with the clerk of the trial court for the use of appellees.
(k) Court Reporter's Certificate. If the authenticated transcribed notes of the court reporter are to be embraced in *Page 863 
the record on appeal, the certificate of the court reporter transmitting such transcribed notes to the clerk of the trial court shall be substantially in the following form:
 "Certificate of the Court Reporter.
"State of Florida } "County of __________}
"I, ____________, do hereby certify that the case of ___________ vs. _________ was tried on the _____ day of _____; 19__; that I was authorized to and did report in shorthand the proceedings and evidence in said trial, and that the foregoing pages, numbered 1 to ___ inclusive is a true and correct transcription of my shorthand report of the proceedings of said cause.
"In Witness Whereof I have hereunto affixed my hand this _____ day of _____, 19__.
 "________________________ Court Reporter"
(1) Clerk's Certificate. The record on appeal shall be certified to the Supreme Court by the clerk of the trial court within five days after it is completed and copy furnished appellee. The Clerk's certificate shall be substantially in the following form:
 "Certificate of Clerk.
"State of Florida } "County of __________}
"I, __________, Clerk of the __________ Court for the County of __________, State of Florida, do hereby certify that the foregoing pages 1 to ___ inclusive contain a correct transcript of the record of the judgment in the case of __________ v. __________ and a true and correct recital and copy of all such papers and proceedings in said cause as appears from the records and files of my office that have been directed to be included in said record by the directions furnished me. (Pages. ___ to ___ inclusive embrace the transcribed notes of the court reporter as made at the trial and certified to me by him.)*
 *(Parenthetical matter to be included if applicable.) *Page 864 
In Witness Whereof, I have hereunto set my hand and affixed the Seal of said Court this _____ day of _____, 19__.
 ______________________________ "Clerk of the __________ Court of _________________ County."
If the record on appeal is prepared by or pursuant to stipulation as provided in Rule 11 the Clerk's certificate shall be substantially in the following form:
 "Certificate of the Clerk on Stipulated Record.
"State of Florida } "County of _________}
"I, __________, Clerk of the __________ Court of the County of __________, State of Florida, do hereby certify that the foregoing pages 1 to ___ inclusive contain a true and correct transcript of the record of the judgment in the case of __________ vs. __________ and a true and correct recital of the stipulation prepared and signed by the parties to the said cause wherein it was agreed that the facts, pleadings, assignments or questions, proceedings and recitals therein should constitute the record on appeal and were all that was essential for the appellate court to review and adjudicate the questions raised.
In Witness Whereof, I have hereunto set my hand and affixed the Seal of said Court this ______ day of __________, 19__.
 ______________________________ "Clerk of the __________ Court of _________________ County."
RULE 13. SUMMONS AND SEVERANCE ABOLISHED. PARTIESTO APPEAL.
The practice of summons and severance is hereby abolished.
Any party who shall feel aggrieved may take an appeal, and all parties to the cause, unless they be named as parties *Page 865 
appellant, shall automatically become parties appellee. Any person or persons taking or joining in an appeal shall be the party or parties appellant, and all other parties shall be parties appellee, regardless of the effect on such party or parties of any order, judgment or decree appealed from; and as to any party against whom a judgment by default or a decree pro confesso shall have been entered in the lower court, the cause may proceed ex parte, but this shall not deprive any such party of his right to file cross-assignments of error. If any party named as appellee desires to join in the appeal, and shall within the time allowed by these rules for filing notice of appeal, file his joinder in appeal, he may become an appellant and may thereafter, if he desires and within the time prescribed by these rules for such purpose, file such additional assignments of error and directions to the clerk as he may deem necessary. If any party wishes to be dismissed from the appeal and to proceed no further, then after five days' notice to the other parties to the appeal he shall present to the appellate Court a motion for his dismissal from the cause. If the court shall decide and order that the cause may be decided without such party, he may be dismissed and the cause proceed, and such party shall be bound by the decision rendered.
RULE 14. SERVICE OF NOTICE — HOW
Service of all papers and notices required by these rules or by the order of this Court, may be made by delivering a copy of the paper or notice to the party to be served or by leaving the same at the dwelling house in which he resides, with some member of the family not less than fifteen years of age; or by delivering the same to his attorney or solicitor; or by leaving the same in the office of the said attorney or solicitor during usual office hours with a person in charge thereof, or by depositing, securely sealed and post paid, in the post office directed to such party or attorney at his usual post office address. When service is made otherwise than by an executive officer of this Court proof thereof shall be made by affidavit.
RULE 15. USE OF ORIGINAL PAPERS, EXHIBITS ANDRECORDS.
Whenever the trial judge shall deem it necessary or proper that original papers, exhibits or records shall be inspected by *Page 866 
the Supreme Court, he may order the same to be transmitted in such manner as shall seem proper, and this Court will in that case consider such original instruments in connection with the transcript of the record, and as a part thereof.
RULE 16. SUGGESTING DEATH OF PARTIES.
(a) Whenever there is pending an appeal in this Court and any party thereto shall die, the personal representatives of the deceased party may voluntarily come in and be admitted as a party to the appeal, which shall thereupon be heard and determined as other appeals.
(b) If the personal representative does not voluntarily become a party to the appeal as provided in (a), any interested party may by motion suggest the death and move for an order requiring the representative to become a party within twenty-eight days or within such time as the court may fix.
(c) A copy of such order shall be published in some newspaper of general circulation in the county of the trial court, provided that personal service of a copy of the order upon the personal representative shall be deemed equivalent to and a substitute for publication.
(d) If such personal representative shall not come in as required by order of the court, the movant, if an appellee, may procure an order of dismissal and if the movant be an appellant, may procure an order of revival of the cause against said personal representative in order that said appeal might be finally determined.
(e) If any party to the appeal shall die after the cause has been submitted upon final hearing in this Court, and before decision rendered, it shall not be necessary to revive the suit against the deceased party.
(f) If an appellee dies and service on parties interested becomes necessary constructive service as provided by law in trial courts may be substituted if personal service cannot be reasonably made.
RULE 17. GUARDIANS AD LITEM.
The attorneys and guardians ad litem in the court below shall be deemed the attorneys or guardians ad litem of the *Page 867 
same parties in this Court unless others are duly appointed, notice thereof given to the adverse party, and the substitution noted of record.
RULE 18. APPEALS FROM COMMISSIONS AND BOARDS.
(a) Appeals to the Supreme Court from any commission or board shall be governed by these rules so far as they are applicable.
(b) The records and briefs shall be prepared and filed as required by the rules of this Court unless otherwise ordered. Failure on the part of appellant to pursue his appeal promptly shall be grounds for dismissal at his cost. See Rule 19 for advancing these appeals.
(c) Motions to quash, dismiss or strike must be made and submitted on or before the day herein fixed for the final submission of the cause.
RULE 19. ADVANCEMENT OF CAUSES.
(a) Cases Entitled to Precedence on Final Hearing. Criminal and habeas corpus cases, appeals from the Railroad Commission, cases in which the state is the real party in interest, and cases which are entitled to advancement by statute or rule of this court, may be advanced for final hearing by the court, upon its own motion or upon motion of one of the parties.
(b) Case of Original Jurisdiction, When Entitled toPrecedence. No case of which this Court may have original jurisdiction will be given precedence over appellate causes, unless it be one of public right or so involving public interests as to require its advancement. This rule, however, shall not apply to cases of habeas corpus.
RULE 20. BRIEFS, WHEN FILED AND WHAT TO CONTAIN.
All briefs shall be printed or typewritten as provided in Rule 12. Briefs of more than twelve pages shall be indexed and prefaced by an alphabetical list of authorities cited. The appellant shall within thirty days after filing the transcript, file the original and one copy of his brief wth the Clerk of this Court and serve one copy on opposing counsel. Service on *Page 868 
opposing counsel may be by mail or in person, but proof thereof must be made to this Court.
Within twenty days after copy of appellant's brief is filed, appellee shall file the original and one copy of his brief with the Clerk of this Court and in like manner serve one copy on opposing counsel. If appellant desires he may within ten days file the original and one copy of his reply brief with the Clerk of this Court and in like manner serve one copy on opposing counsel. The Court or the Chief Justice may, for good cause, extend the time for filing briefs but no other briefs will be permitted except by special order of the Court.
The brief of appellant shall contain, (1) a history of the case, (2) a statement of the questions involved, and (3) the argument.
History of the Case. The history of the case should be limited to a concise recital of the essential facts without argument or undue elaboration. It should state the purpose of the litigation, should contain a chronological enumeration of the pleadings (and if necessary, a summary thereof), the issues made, and the judgment of the trial court wth appropriate reference to applicable pages of the transcript. The appellee in his brief may point out any error in the brief of appellant and make such additions to the history of the case as recited in the brief of appellant as he may deem essential to the disposition of the questions raised, with reference to the pages of the transcript which he claims support his position.
Statement of the Questions Involved. The prime or controlling questions to be answered shall be stated as concisely as possible without duplication or argument. The question or questions of law should be made to appear clearly, and should not be stated in the alternative. Each question should be stated and numbered in a separate paragraph and should be followed by a statement of whether it was answered in the negative or the affirmative by the trial court, or if not answered, it should so state.
Argument. The section of the brief called "argument" shall contain a division for each of the questions involved, to be headed by the question in distinctive type and followed *Page 869 
by such discussion and citation of authority as the writer deems pertinent. Specific assignments of error from which the questions argued arise should be stated, and if any reference to the transcript is made, the page should be given. When opinions of this Court are cited, the page and number of both the Florida Reports and the Southern Report should be given.
This rule shall apply to all briefs filed in this Court except those in bond validation proceedings. In such cases appellant's brief shall be filed with the transcript and appellee's brief shall be filed within ten days thereafter. Failure to observe these requirements shall be ground to strike or dismiss.
Amicus Curiae. Any counsel who desires to file a brief andorally argue a cause pending in this Court as Amicus Curiae maydo so if consent therefor in writing signed by counsel for allparties to the appeal is filed in this Court, or he maypetition the Court to be permitted to do so at any time beforethe date for filing briefs expires. His petition shall statebriefly the reason for his request and a copy thereof shall beserved on all counsel in the cause. Said petition may be heardand disposed of on any motion day provided five days noticethereof has been furnished other counsel in the cause.
RULE 21. ORAL ARGUMENTS.
(a) Oral arguments may be heard in any case appealed to this Court if applied for at the time applicant's first brief isfiled. "Applications for oral argument" may be filed by appellant or appellee, shall be printed or typewritten on separate paper and filed with the Clerk of this Court and a copy served on counsel for the opposite party in the same manner the briefs are required to be served.
(b) A maximum of thirty minutes to the side will be allowed for oral arguments but this time may be enlarged or contracted as the circumstances of the case may require. The Court may in its discretion require oral argument if not requested, or may dispense with it if deemed unnecessary.
(c) Not more than two counsel to the side will be heard to argue any case except by special permission. Extensive *Page 870 
reading from books, records, and briefs will not be permitted. Counsel's deductions from the evidence may be argued but reading the evidence from the record should not be indulged.
(d) Counsel in oral argument will be expected to briefly outline the order, judgment or decree appealed from and the matter wherein it is conceived to be erroneous, and the reasons why it is conceived to be right or wrong.
RULE 22. DISMISSALS.
(a) Dismissals Of Causes When Settled. When any cause pending in this Court shall be settled by compromise or otherwise it shall be the duty of both parties to immediately notify the Court of such settlement, and the appellant shall, within ten days thereafter file in the Supreme Court a praecipe for a dismissal of the cause and the same shall be dismissed.
(b) Voluntary Dismissal of Appeals. The appellant, or the appellant and appellee jointly where the appellee has assigned errors, may dismiss the appeal at any time by filing with the clerk of this Court a praecipe for a dismissal, and paying the costs of the appeal.
(c) Clerk's Duty. Upon an appeal having been dismissed, it shall be the duty of the clerk immediately to certify the fact of dismissal to the lower court.
RULE 23. DEPOSIT FOR COSTS.
(a) In all appeals and in cases originating in this Court the Clerk may require a deposit of twelve dollars to cover his fees before the record is filed, provided that such charge shall not be exacted in advance in habeas corpus cases, criminal appeals in which there is an affidavit of insolvency and in appeals where the State is the real party in interest.
(b) The Sheriff of this Court and his deputies may require their fees for serving process in all appeals and in cases originating in this Court to be paid or secured to them in advance, provided that such charge shall not be exacted in advance in habeas corpus cases, appeals in which the state is the real party in interest and criminal appeals in which there is an affidavit of insolvency. *Page 871 
RULE 24. TAXATION OF COST.
(1) For Transcript. In all appellate proceedings where a transcript of record of the proceedings in the lower court is necessary, the cost of such transcript reasonably incurred may be taxed in the lower court after the filing of the mandate.
(2) (a) Supreme Court Cost — When Taxed by Lower Court. In all appellate proceedings the Clerk of this Court may, in the mandate, assess the parties liable for costs reasonably incurred in this Court, but in default thereof and upon motion therefor the judge of the lower court shall assess such costs together with cost of transcript of record, in the final judgment or decree, or by the entry of a separate judgment not later than sixty days after the filing of the mandate.
(b) Reviewable by Petition. If any party be aggrieved by any judgment for costs, said judgment shall be reviewable in the Supreme Court upon petition, provided the petition be filed within twenty days after the entry of the judgment.
(c) Petition and Notice — Requisite of. Petition to review judgments for costs must set forth with particularity the items of cost allowed by the lower court, the items complained of, and a copy of such petition shall be served forthwith upon the party adversely affected, with proof of service shown. The adverse party shall file his reply thereto within ten days after service on him.
RULE 25. REHEARING.
(a) Rehearings must be applied for by petition in writing within fifteen days after the filing of the judgment, decree, or order of the Court, unless further time is allowed.
(b) The petition shall not assume any new ground or position from that taken in the original argument or briefs upon which the cause was submitted, and must set forth concisely the omissions, oversight, causes or grounds on which it is based, and must point out specifically in what respect the original opinion and decision is deemed to be erroneous in some material matter of law or fact.
(c) If cnsidered and determined by a division of the court applications for rehearing shall be referred to and disposed of *Page 872 
by the division which heard and considered the case unless otherwise ordered by the Court or the Chief Justice. If the case was considered and determined by the Court en banc, the petition for rehearing shall likewise be considered and disposed of.
(d) A copy of the petition shall be served upon the opposite party or counsel at or before the time of its submission to the Court and proof of such service transmitted to the SupremeCourt with the petition. It shall not be considered a part of the record in the cause unless so ordered or rehearing granted. No argument shall be allowed on the petition.
(e) When a petition for rehearing is denied, the Clerk shall forthwith issue and transmit the mandate to the Court below. The petitioner shall not be entitled to file any additional petition.
RULE 26. ISSUANCE OF MANDATE — CLERK TONOTIFY —
(a) Unless by special order the court shall otherwise direct, it shall be the duty of the clerk upon the expiration of fifteen (15) days from the dismissal in invitum of any cause, or the affirmance or reversal by any judgment, decree or order, to issue such mandate or process as may be directed by the Court. If a petition for rehearing is filed, this time shall be extended until the petition is denied, or, if granted, until the case is finally determined. The Clerk, on the date of the issuance of the mandate, shall record the same in a book kept for that purpose in which shall be noted the date and manner of its transmission to the court below. Upon issuance of the mandate to the Court below the Clerk shall return such original papers as may have been transmitted to the Supreme Court.
(b) Clerk to Notify Attorneys of Transmission of — TransmitAdjudication in Certiorari. The Clerk of this Court upon the issuance of any mandate shall notify the attorneys of record and upon the final adjudication in certiorari proceedings transmit to the lower court a copy of the court's judgment. *Page 873 
RULE 27. EXTRAORDINARY WRITS, Mandamus, Certiorari, Prohibition, Quo Warranto, Habeas Corpus, AND STAY WRITS.
(1) The provisions of Rule 27 are applicable to Rules 28 to 33, both inclusive.
(a) When Heard. Notice. All applications for writs of mandamus, certiorari, prohibition, quo warranto, habeas corpus, and other writs necessary to the complete exercise of the jurisdiction of this Court as authorized by Section 5, Article 5, of the Constitution shall be made as herein provided and may be heard any Monday at 9:30 A.M., provided five days' notice of such application shall have been given to the adverse party and proof thereof filed with the Clerk of this Court.
(b) Writs Raising Issue of Fact Not Heard. Application raising questions of fact which will require the taking of testimony to determine will not be entertained.
(c) Brief Served on Respondent. Copy of every brief required with any application shall be furnished the adverse party.
(d) If presented in person, not exceeding ten minutes to the side will be allowed for argument. If more time is desired the cause will, on application of either party, be set for a day certain and the full time given.
RULE 28. CERTIORARI.
(a) Petition to Be Supported by Transcript and Brief.
Application for writ of certiorari shall be by petition filedin this Court within sixty days from the date of theproceeding, order, judgment or decree sought to be reviewed. It shall be accompanied by a certified transcript of the record of the proceedings the petitioner seeks to have reviewed or so much thereof as is essential. Unless shown by opposing counsel to be necessary, no other record shall be required. The petition shall contain a concise statement of the cause and the reasons relied on for granting the writ. It shall also be accompanied by a supporting brief prepared in compliance with the rules of this Court. *Page 874 
(b) Respondent to Be Served with Petition Transcript andBrief. Copy of the petition, transcript, and brief shall be furnished respondent or his counsel at the time notice of application therefor is filed with the Clerk of this Court.
(c) Respondent's Brief — When Filed. The respondent may file his brief in opposition to the writ within ten days after he is furnished with copy of petitioner's brief. The petition should be set down under (1) (a) of Rule 27 of hearing on a Motion Day occurring after the time allowed respondent herein to file brief.
(d) Oral Argument Only When Granted. Unless further proceedings are ordered by the Court, the cause shall then be finally disposed of without oral argument.
N.B. See Rule 34 relating to certiorari of interlocutory decrees.)
RULE 29. PROHIBITION.
(a) Petition For. Application for writ of prohibition shall be by suggestion stating the nature of the proceeding sought to be prohibited. The contents of the suggestion shall be substantially as required by statute.
(b) Issuance of Rule. If suggestion makes a prima facie case, the court will issue a rule directed to the inferior court, and any other party respondent joined therewith commanding it to show cause on a return day certain why the writ as prayed for should not be granted.
(c) Respondent's Return and Brief. On the return day so fixed or sooner if desired, the respondent shall file such appropriate pleadings as he may deem proper, including his brief in support thereof.
(d) Relators' Reply Brief. Relator shall be allowed not exceeding ten days to file his brief at which time the cause shall be ready for final disposition without oral argument.
RULE 30. MANDAMUS.
(a) Petiton for — Issuance of Alternative Writ or Rule.
Proceedings in mandamus shall be instituted by petition setting up as briefly as may be the basis for the relief prayed. If the petition makes a prima facie case, the court will issue *Page 875 
the alternative writ or it may issue a rule to show cause on a return day certain why an alternative writ should not be granted.
(b) Respondent's Return and Briefs — When. On the return day respondent shall plead to the writ as he may deem proper, supporting said plea or pleas with a brief.
(c) Relator's Reply Brief. Relator shall be allowed not exceeding ten days to file his reply at the conclusion of which the cause shall be finally adjudicated unless further proceedings may be ordered by the Court.
(d) Necessary Parties. Original petitions in mandamus will not be entertained by this Court unless a state officer, state board, state functionary, or some other agency authorized to represent the public generally is named as respondent.
RULE 31. QUO WARRANTO.
(a) By Whom Instituted. Proceedings in quo warranto including informations in the nature of quo warranto may be instituted by petition or information in the name of the State by the Attorney General or by any person claiming title to the office or franchise on the refusal of the Attorney General.
(b) Governed by Rules on Mandamus. The petition shall conform to statutes on quo warranto. The rule as to pleading, filing briefs, and final disposition of cause prescribed herein to govern mandamus shall apply to and govern quo warranto.
RULE 32. HABEAS CORPUS.
(a) Issued by Whom — Governed by Statutes. When application is made therefor, writ of habeas corpus may be issued by this Court or any Justice thereof in the manner provided by law.
(d) Notice to Attorney General. If the validity of any statute, criminal law proceeding, or conviction is attacked, the notice required herein to the adverse party shall be given to the Attorney General. The time for the notice to run may be shortened by the Court or Justice issuing the writ but in no case shall it be dispensed with. *Page 876 
(c) Respondent's Return and Briefs. When the writ is issued, an early return date shall be set at which time formal return of the officer holding custody of the petitioner shall be made. In the absence of motion to quash or motion for discharge notwithstanding the return, issue shall be joined. thereon, and all briefs shall be filed, unless additional time shall be allowed therefor. The cause shall then be ready for final disposition without oral argument.
RULE 33. CONSTITUTIONAL STAY WRITS.
(a) After Appeal and Notice. Application for constitutional or other writs necessary to complete exercise of the jurisdiction of this Court will be entertained only after the required notice herein to the adverse petition will be entertained unless an appeal has been perfected in this Court and then it must clearly appear that supersedeas will not completely preserve the court's jurisdiction.
(b) Final Adjudication on Merits. When. If it develops on the application for the writ that the ends of justice will be best served by disposing of the cause on the merits, the court will so determine and permit counsel to file briefs, but no further argument will be permitted.
RULE 34. INTERLOCUTORY APPEALS BY CERTIORARI.
(a) Interlocutory Appeals to Be by Certiorari. All appeals from interlocutory decrees as authorized by statute including orders or decrees after final decree, shall be prosecuted to this Court by certiorari in the manner provided by the rules relating to the constitutional writ of certiorari. This rule shall not preclude the review of such orders and decrees on final decree, if found more expedient.
(b) Court's Action. If on examination of the petition for certiorari it affirmatively appears that the appeal is frivolous, was not taken in good faith, was taken for delay, or is without substantial merit, the writ will be denied or if having been issued it will be quashed without opinion and the cost imposed on petitioner. Opinions on such appeals will be written only when required to settle the law of the case or when shown to be essential or necessary as a guide to the court and litigants in subsequent steps in the cause. *Page 877 
(c) Oral Argument. Arguments of not exceeding ten minutes to the side will be permitted the day application is made. If more time is desired, it will be set for a day certain.
RULE 35. SUPERSEDEAS OR STAY.
(a) Motion and Order for. Every appeal taken to this Court shall operate as a stay or supersedeas under the following conditions. The party taking the appeal shall at that time or at any time prior to filing his record on appeal in this Court apply to the court from which the appeal is taken for a good and sufficient bond payable to the adverse party, the amount and conditions of which shall be fixed by the court to whom the application is made. If the appeal is from a money judgment or a final decree, the stay or supersedeas shall be as of right on posting the bond.
"Good and Sufficient Bond" Defined. A "good and sufficient bond" shall be taken to mean a bond with a principal and two good and sufficient personal sureties or one surety if a surety company authorized to do business in the State of Florida when and if approved by the clerk or judge of the lower court or an officer authorized by the order granting the stay or supersedeas.
(b) For Recovery of Money Not Secured. When the judgment, order or decree requires or provides unconditionally for the payment or recovery of money, the bond shall be payable to the adverse party conditioned to satisfy the judgment or decree or any modification not increasing the amount thereof, in full including costs, interest (if chargeable), and damages for delay, in event the appeal be dismissed or the judgment, order or decree is affirmed.
(c) For Recovery of Money Otherwise Secured. When the judgment, order, or decree is for the recovery of money otherwise secured, the bond shall be conditioned to pay costs on appeal, interest (if legally chargeable) and damages for delay, together with such other and further conditions as shall be fixed by the Court.
(d) Other Than for Money. If the judgment is in whole or in part other than a money judgment, the amount and condition of the bond shall be determined by the Court and the *Page 878 
elements to be considered in fixing the amount and conditions of such bonds shall be the costs of the action, costs of the appeal, interest (if chargeable), damages for delay, use, detention, and depreciation of any property involved.
(e) Review or Order When Arbitrary or Unreasonable. In any event, if the bond required is deemed to be arbitrary or unreasonable or such as is for any reason not proper, it may be reviewed, modified or discharged by this Court on motion on any motion day provided five days' notice thereof be given to the adverse party.
(f) In Certiorari. When it shall be made to appear to the lower court that a petition for certiorari has been or is about to be applied for in this Court, the lower court may grant a supersedeas or stay upon petitioner giving a good and sufficient bond conditioned that such petition shall be duly presented to the Supreme Court within twenty days and to pay all costs, damages and expenses occasioned by reason of the stay of proceedings together with such other and further conditions as may be fixed by the lower court in event the order or judgment of which a review is sought, is not quashed, modified or reversed.
(g) Judgment Against Surety. By entering into a supersedeas or stay order bond given pursuant to these rules, any statute, or order of court, the surety submits himself to the jurisdiction of the lower court. After motion and citation his liability may be enforced without the necessity of an independent action.
RULE 36. CRIMINAL APPEALS.
(a) Writs of Error from judgments in habeas corpus cases as authorized by law are hereby abolished and relief by appeal substituted, provided application therefor be made as provided in Section 79.11 Florida Statutes 1941.
(b) In criminal appeals, the judgment of the trial court may be affirmed without brief but it will not be reversed if no brief is filed. This Court may review any question raised in brief which appears in the record but ordinarily it will limit its review to questions adjudicated by the trial court. If the *Page 879 
appeal involves capital punishment the sufficiency of the evidence will be reviewed by this Court.
RULE 37. RECORD IN CRIMINAL APPEALS.
In all criminal cases, appeals shall be taken as required by Section 290 of the Criminal Procedure Act (Sec. 924.11 Florida Statutes 1941) and the record prepared as required by Rules 11 and 12 of this Court in so far as they are applicable. The court reporter shall file the original and two copies of his transcribed notes with the clerk of the trial court. To these the clerk of the trial court shall attach a copy of the indictment or information, the pleas and such other documents or proceedings as the directions to him require. He shall certify the original to this Court as the record in the cause and deliver one copy to the Attorney General and the other copy to the attorney for the appellant.
The transcribed notes of the court reporter in criminal appeals shall be certified to the clerk of the trial court under the same form of certificate as is required for other appeals in Rule 11 of the rules of this Court. In certifying the record on appeal in criminal cases to this Court, the clerk of the trial court shall use the same form of certificate as is required by him for other appeals by Rule 12 of the rules of this Court.
RULE 38. CERTIFIED QUESTIONS.
(a) When Certified. When it shall appear to a judge of the circuit court that there is involved in any cause pending before him questions or propositions of law that are determinative of the cause and are without controlling precedent in this State and it is made to appear that instruction from this Court would facilitate the proper disposition of the cause, the circuit court may promptly on his own motion or on motion of either party certify said question or proposition of law to this Court for instruction.
(b) Limitations On. Only questions or propositions of law that can be answered without regard to other issues may be so certified and they must be definitely and concisely stated. The certificate will not be employed in a way to affect the jurisdiction of this Court or the circuit court but will be *Page 880 
limited to those cases in which it will facilitate the final disposition of the cause.
(c) Contents of Certificate. The certificate shall contain the style of the case, a "Statement of Facts" showing the nature of the cause and the circumstances out of which the questions or propositions of law arise, and the "Questions" of law to be answered.
(d) Preparation of Certificate. The certificate may be prepared by stipulation as provided by Rule 11 (5) of the Rules of this Court or as directed by the circuit judge, upon due notice. When so prepared and signed by the judge it shall be endorsed and certified to this Court by the clerk of the circuit court under his official seal.
(e) Costs of Certificate. If sufficient reason therefor is shown, this Court may require the entire record to be sent up and decide the controversy as if it were on appeal. The costs of the certificate shall be equally divided unless otherwise ordered by the Court. If the entire record is sent up and decision rendered as on appeal, costs may follow the general rule.
(f) Briefs and Argument. When the certificate is filed in this Court, briefs shall be filed within fifteen and ten days unless otherwise directed. Oral arguments may be granted on application as in other cases.
RULE 39.
The violation of any of the foregoing rules shall subject the offending party to such penalty as the Court may impose.
IT IS ORDERED
(1) That on and after the first day of April, 1942, the foregoing Rules shall supersede all rules heretofore adopted relating to appeals to and proceedings in the Supreme Court.
(2) That of those rules relating to the government of trial court in common law actions adopted April 27, 1936, effective October 1, 1936, the following shall be and the same are hereby abolished:
Paragraphs (a) and (c) of Rule 89; Rules 91, 92, 93, 94, and 95. *Page 881 
 FORMS
The Notice of Appeal may be substantially in the form following:
 (Title of Court)
A B, Plaintiff, v. C D, et al., Defendants.
 NOTICE OF APPEAL
The defendant, C D, takes and enters his appeal to the Supreme Court of Florida to review the order, judgment or decree of the Circuit Court of __________ bearing date the ____ day of __________, 19__, entered in the above styled cause and recorded in the records of said Court in Book __________, page. __________ and all parties to said cause are called upon to take notice of the entry of this appeal.
 ______________________________ Attorneys for C D.
Joinder in appeal, authorized by Rule 13, may be substantially in the following form:
 (Title of Court)
A B, Plaintiff, v. C D, et al., Defendants.
 JOINDER IN APPEAL
The defendant, E F., hereby joins in the appeal taken and entered by the defendant, C D to the Supreme Court of Florida by notice of appeal filed in the above styled cause on ____ the day of __________, 19__, to review the order, judgment or decree of the circuit court of __________ in said cause, bearing date of ____ day of __________, 19__ and recorded in the records of said court in Book __________, page __________ (here insert place of record of order, judgment or decree appealed from.)
 ____________________________ Attorneys for said E F. *Page 882 
The following as a form of supersedeas bond to be required in criminal appeals is approved by this Court:
"In the _______________________________
"In and for __________ County, Florida.
"STATE OF FLORIDA, } Plaintiff,} v. } SUPERSEDEAS BOND __________________, } Defendant.}
KNOW ALL MEN BY THESE PRESENTS that we _________ as principal and __________ as suret _____ are held and firmly bound unto the State of Florida in the penal sum of $__________ dollars money of the United States of America for the payment whereof well and truly to be made, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally, firmly by these presents.
NOW THE CONDITIONS of this obligation are such, that whereas the said __________ the defendant in the above styled and entitled cause, was at a term of the above named court on the ____ day of __________, A.D. 19__, convicted of the crime of ____________________ whereupon a final judgment was thereafter made and entered against the said defendant and whereas the said defendant being dissatisfied with the judgment and sentence of said Court did on the ____ day of __________, A.D. 19__ sue out an appeal to the Supreme Court of Florida.
NOW THEREFORE, if the said ____________________ shall diligently prosecute his said appeal and in the event that said appeal be dismissed or the said judgment and sentence be affirmed, shall be personally forthcoming to answer and abide the final order, sentence or judgment which may be passed in the premises by the appellate court, and that in case the cause is remanded that the plaintiff in error shall personally be and appear at the next term of the court, in which the case was originally determined, thereafter to be held (from day to day and term to term) to answer in the premises and not to depart from the court without leave thereof, then this *Page 883 
obligation to be null and void else to remain in full force, effect and virtue.
SIGNED AND SEALED AT _______________, Florida, this ____ day of __________, A.D. 19__.
Received, approved and filed _______________(SEAL) Principal this ____ day of __________, _______________(SEAL) A.D. 19__. Surety ____________________ _______________(SEAL) Clerk Surety
 AFFIDAVIT OF BONDSMEN
STATE OF FLORIDA } COUNTY OF __________ }
Before the undersigned authority, who is authorized by the laws of the State of Florida to administer oaths, personally appeared _______________ who, being by me first duly sworn says that he is one of the sureties on the annexed bail bond; that the following is true and correct schedule, in writing, showing and setting forth a full and detailed description of his property and its value, to-wit:
Description: Encumbrances: Its Value
___________________________________________________________ ___________________________________________________________ ___________________________________________________________ and that he owns, and is possessed, in his own right and in his own name, of visible property situated in __________ County in the State of Florida, subject to levy and sale under judicial process, equal in value, over and above all his just debts and liabilities, and in excess of all encumbrances, to a sum double the amount of his liability as surety on such bond; that he has executed as surety other bonds during the next preceding six months of the following character, descriptions and amounts on which he is now liable, to-wit:
Description of Bond: Amount:
_____________________________________________________________ _____________________________________________________________ _____________________________________________________________ *Page 884 
and that he owns and possesses, in his own right and fee simple, real estate, situated in __________ County, Florida, subject to levy and sale under judicial process, of a real and substantial value, over and above all encumbrances thereon, and over and above all his debts, liabilities and homestead exemptions, including all his liability on any and all such bonds previously executed by him and still in force, of at least double the amount of the annexed bond, and that a full and complete description of all such real estate, together, with all encumbrances thereon, is heretofore stated.
 _________________________ (Signature of Surety)
Sworn to and subscribed before me, ____________________, this ____ day of __________, A.D. 19__.
(Signature of Officer administering oath.)
 ADDENDA CHAPTER 22854 — (No. 340) HOUSE BILL NO. 806
AN ACT Consolidating, Revising and Amending Chapters 59 and 67, Florida Statutes, 1941, Relating to Appellate Proceedings Generally: Conforming Said Statutes to the Current Supreme Court Rules: and Extending Said Statutes to Appellate Proceedings from Orders of State Boards, Commissions and Other Bodies Where Appeals Are Allowed from Such Orders.
WHEREAS, the Supreme Court of Florida, on December 17, 1941, pursuant to Sec. 25.03, Florida Statutes, 1941, and the prior laws from which said Section was taken, adopted the current Supreme Court Rules and made them effective from and after April 1, 1942; and,
WHEREAS, said Sec. 25.03, and the prior laws from which it was taken, provided that after the adoption of such Supreme Court rules "all laws in conflict therewith shall be of no other force and effect"; and,
WHEREAS, there are conflicts between the said court rules and Chapters 59 and 67, Florida Statutes, 1941, in many respects, to such an extent that no person may safely rely on *Page 885 
the statutes in prosecuting appeals to the Supreme Court; and,
WHEREAS, the difference in method of appellate review of common law and equity causes has been done away with by the said court rules; and,
WHEREAS, appellate procedure in criminal matters, in probate matters, in civil cases from most, if not all, inferior courts, is governed by other statutes, so that Chapters 59 and 67 have only a limited application, if they apply at all, to appellate proceedings to courts other than the Supreme Court; and,
WHEREAS, there is no uiform method of prosecuting appeals from orders of state boards, commissions, and other bodies, where review of such orders is permitted by law. Now Therefore,Be It Enacted by the Legislature of the State of Florida:
Section 1. That Sees. 59.01, 67.01, and 67.06, Florida Statutes, 1941, are consolidated, renumbered Sec. 59.01, Florida Statutes, 1941, and amended to read as follows:
59.01 APPELLATE PROCEEDINGS; METHOD OF REVIEW; APPLICATION OF CHAPTER:
(1) APPEALS TO SUREME COURT: This Chapter shall be applicable to appeals to the Supreme Court of Florida, except where inconsistent with Supreme Court Rules, which Rules shall apply in case of inconsistency.
(2) OTHER APPEALS: This Chapter shall also be applicable:
(a) As a uniform alternative method of taking appeals from orders of state boards, commissions, and other bodies, where appeals from such orders are permitted by law; and,
(b) To appeals from inferior courts, to courts other than the Supreme Court, where no other method of review is expressly provided by law.
(3) WRIT OF ERROR ABOLISHED: APPEAL SUBSTITUTED: Review in this State by writ of error is abolished. All relief hertofore obtainable by writ of error may hereafter be obtained by appeals as in equity. *Page 886 
(4) APPEAL AS A MATTER OF RIGHT: Appeals, except where otherwise expressly provided by law, shall be a matter of right.
(5) METHOD OF REVIEW: All proceedings for review, from a lower court to the proper appellate court, shall be by appeal; except where certiorari or prohibition lies, or where otherwise expressly provided by law.
(6) RETURN DAYS ABOLISHED: Return days for appeals are abolished. The date upon which the record is filed in the appellate court shall be the date from which the time for filing motions, briefs, and other pleadings shall commence to run.
(7) FILING RECORD: LIMITATION: The record on appeal shall be filed in the appellate court within forty days from the filing of the notice of appeal unless extended by the trial court, or by the appellate court or a member thereof. Provided, however, that extensions in excess of ten days shall not be granted without notice to the adverse party.
(8) NOTICE OF APPEAL: The filing of the notice of appeal, with the clerk of the trial court, or judge if there be no clerk, shall give the appellate court jurisdiction of the subject matter and parties to the appeal; however, such notice shall be recorded in the minutes of the trial court, but such recording is not jurisdictional.
(9) FORM OF NOTICE: The form of such notice of appeal may be prescribed by the Supreme Court. The notice of appeal may include assignments of error in brief form.
(10) APPLICATION OF CHAPTER: The provisions of this Chapter shall extend to appeals from state boards, commissions, and other bodies, and the following words, except where the context otherwise requires, shall be construed as follows:
(a) '"Trial court" or words of similar import include the state' board, commission or other body from which an appeal may be taken; and,
(b) "Clerk of the trial court" includes the clerk, secretary or similar officer of the state board, commission or other body from which an appeal may be taken. *Page 887 
Section 2. That Sections 59.02 and 67.02, Florida Statutes, 1941, are consolidated, renumbered Sec. 59.02, Florida Statutes, 1941, and amended to read as follows:
59.02 APPEALS, FROM WHAT JUDGMENTS, DECREES, ORDERS, ETC., ALLOWED:
(1) COMMON LAW APPEALS: Appeals in cases at law lie only from final judgments, except as specified in Secs. 59.03, 59.04 and 59.05, of these statutes.
(2) EQUITY APPEALS: Appeals in cases in equity he only from final decrees, except as specified in subsection (3) of this section.
(3) INTERLOCUTORY ORDERS AND DECREES IN EQUITY: Review of interlocutory orders and decrees in equity, including those after final decree, may be by proceedings in the nature of certiorari in the Supreme Court. This subsection shall not be construed as precluding the review of such orders and decrees on appeal from the final decree, if found more expedient. The Supreme Court may by rule regulate proceedings under this subsection.
(4) ORDERS OF STATE BOARDS, COMMISSIONS, AND OTHER BODIES: Appeals from orders of state boards, commissions, and other bodies, except where otherwise expressly provided by law, shall lie only from orders as are final in their nature.
Section 3. That Sec. 59.03, Florida Statutes, 1941, is amended to read as follows:
59.03 APPEAL FROM RULE OF COURT: Every rule or summary order of court to any of its officers, their sureties or deputies, which is, in effect, a judgment for the payment of money or other things, shall be construed a final judgment of decree from which an appeal may be taken.
Section 4. That Sec. 59.04, Florida Statutes, 1941, is amended to read as follows:
59.04 APPEAL FROM ORDER GRANTING NEW TRIAL: Upon the entry of an order granting a new trial, the party aggrieved may, without waiting for final judgment, prosecute an appeal to the proper appellate court, which, if the cause be *Page 888 
reversed, may direct that final judgment be entered in the trial court for the party obtaining the verdict, unless motion in arrest of judgment or for judgment non obstante veredicto be made and prevail.
Section 5. That Sec. 59.05 Florida Statutes, 1941, is amended to read as follows:
59.05 APPEAL FROM ORDER OF NONSUIT: When, because of any decision or ruling of the court on the trial of a cause, it becomes necessary for the plaintiff to suffer a non-suit, he may appeal therefrom, and the facts, points, rulings, and decisions may be preserved for review, by the appellate court, as in other cases.
Section 6. That 59.06, Florida Statutes, 1941, is amended to read as follows:
59.06 MATTERS REVIEWABLE ON APPEAL:
(1) WHAT MAY BE ASSIGNED AS ERROR: All judgments, decrees, and orders, made and passed in any cause wherein the trial court:
 (a) May allow, or refuse to allow, any motion, 1. For a new trial or rehearing, 2. For leave to amend pleadings, 3. For leave to file new or additional pleadings, 4. To amend the record during the term, or, 5. For continuance of the cause; or,
(b) Shall sustain or overrule any demurrer or motion to dismiss the cause; may be asigned for matter and cause of error upon any appeal from the final judgment, decree or order in the cause. The appellate court shall hear and determine the matter so assigned in the same maner and under like rules and regulations as in other causes.
(2) EFFECT OF PLEADING OVER AMENDING: Pleading over, or amending pleadings, after judgment on demurrer, or order upon motion to dismiss, shall not waive the right to have reviewed, as aforesaid, such judgment, decree or order. *Page 889 
Section 7. That Sec. 59.07, Florida Statutes, 1941, is amended to read as follows:
59.07 EXCEPTIONS UNNECESSARY:
(1) ADVERSE RULINGS: Upon all appellate proceedings the appellate court shall review without exception having been taken at the trial, any question of law involved in any adverse ruling, order, instruction or thing whatsoever said or done at the trial or prior thereto or after verdict, which thing was said or done after objection made and considered by the trial court, and which affected the substantial rights of the party complaining and which is assigned as error and thereupon the appellate court may reverse, affirm or modify the judgment decree or order appealed from, and may set aside, affirm, or modify any and all the proceedings decree or order, and may, if proper, order a new trial or rehearing.
(2) JURY INSTRUCTIONS: It shall not be necessary for a party to object to the giving of any charge by the court or to the refusal to give any charge requested in writing.
(3) ORDERS ON NEW TRIAL, DIRECTED VERDICTS, NONSUITS, ETC.: In order to entitle the party against whom such ruling is made to have the same reviewed by the appellate court, it shall not be necessary to object or except to any order granting or denying motions for new trials, directed verdicts, nonsuits, or judgments non obstante veredicto.
(4) NEW TRIALS, REVIEW OF ORDER GRANTING: In every case in which the trial court shall enter an order granting a motion for a new trial, the trial judge shall indicate in the order granting said motion the particular ground or grounds upon which said motion was granted, and upon appeal from any such order, if taken under the statutes providing for appeal from orders granting, new trials, no other grounds than those specified by the trial judge, as a basis for the order granting the new trial, shall be considered as arguable upon said appeal.
Section 8. That Secs. 59.08 and 67.03, Florida Statutes, 1941, are consolidated, renumbered Sec. 59.08, Florida Statutes, 1941, and amended to read as follows: *Page 890 
59.08 TIME FOR TAKING APPEALS OR FILING PETITIONS FOR CERTIORARI: Appeals, including petitions for review by certiorari, or proceedings in the nature of certiorari, shall be taken or filed within sixty days from and after the entry of the order, decision, judgment, or decree appealed from.
Section 9. That Sec. 59.09, Florida Statutes, 1941, is amended to read as follows:
59.09 PAYMENT OF COSTS BY PLAINTIFF: No appeal may be taken by the original plaintiff in any suit or proceeding until he shall pay all costs which have accrued, in or about the suit, up to the time the appeal is taken.
Section 10. That Sec. 59.10, Florida Statutes, 1941, is amended to read as follows:
59.10 SERVICE OF NOTICE OF APPEAL TO SUPREME COURT: Where the appeal is to the Supreme Court no actual service of notice of appeal shall be necessary.
Section 11. That Sec. 59.11, Florida Statutes, 1941, is amended to read as follows:
59.11 SERVICE OF NOTICE OF APPEAL TO OTHER COURTS: Where the appeal is to a court other than the Supreme Court a copy of the notice of appeal shall be served upon the appellees, or their attorneys of record, who appeared in the trial court.
Section 12. That Sec. 59.12, Florida Statutes, 1941, is amended to read as follows:
59.12 SERVICE OF NOTICE OF APPEAL:
(1) Where a copy of the notice of appeal is required to be served upon the appellees it may be served:
(a) WITHIN THIS STATE: Within this State in the same manner as summons ad respondendum, or by delivering a copy to said appellees or their attorney of record, or by United States mail; and,
(b) WITHOUT THIS STATE: Without this State, by registered United States Mail, or by publishing the same in some newspaper published in the county where the appellate court *Page 891 
is located, once during each week for four consecutive weeks (four publications being sufficient).
(2) Proof of service may be by official return, affidavit, return of registry receipt, or acknowledgment of service.
Section 13. That Sections 59.13, 67.04 and 67.05, Florida Statutes, 1941, are consolidated, renumbered Sec. 59.13, Florida Statutes, 1941, and amended to read as follows:
59.13 SUPERSEDEAS OR STAY:
(1) MOTION AND ORDER FOR: Every appeal shall operate as a stay or supersedeas under the following conditions. The appellant shall, at any time prior to filing his record on appeal, apply to the trial court for a good and sufficient bond payable to the adverse party, the amount and conditions of which shall be fixed by the trial court. If the appeal is from a money judgment or decree, the stay or supersedeas shall be as of right on posting the bond.
(2) "GOOD AND SUFFICIENT BOND" DEFINED: A "good and sufficient bond" means a bond with a principal and two good and sufficient personal sureties, or one surety if a surety company authorized to do business in the State of Florida, when approved by the clerk or judge of the trial court, or by an officer authorized by the order granting the stay or supersedeas.
(3) FOR RECOVERY OF MONEY NOT SECURED: When the judgment, order or decree requires or provides unconditionally for the payment or recovery of money, the bond shall be payable to the adverse party conditioned to satisfy the judgment or decree or any modification not increasing the amount thereof, in full including costs, interest (if chargeable), and damages for delay, in event the appeal be dismissed or the judgment, order or decree is affirmed.
(4) FOR RECOVERY OF MONEY OTHERWISE SECURED: When the judgment, order or decree is for the recovery of money otherwise secured, the bond shall be conditoned to pay costs on appeal, interest (if legally chargeable), and damages for delay, together with such other and further conditions as shall be fixed by the court. *Page 892 
(5) OTHER THAN FOR MONEY: If the judgment or decree is, in whole or in part, other than a money judgment, the amount and condition of the bond shall be determined by the trial court, and the elements to be considered in fixing the amount and conditions of such bonds shall be the costs of the action, costs of the appeal, interest (if chargeable), damages for delay, use, detention, and depreciation of any property involved.
(6) REVIEW OF ORDER, WHEN ARBITRARY OR UNREASONABLE: In any event, if the bond required is deemed to be arbitrary or unreasonable or such as is for any reason not proper, it may be reviewed, modified or discharged by the appellate court on motion; provided ample notice thereof be given to the adverse party.
(7) CERTIORARI: When it shall be made to appear to the trial court that a petition for certiorari has been or is about to be applied for in the appellate court, such trial court may grant a supersedeas or stay upon petitioner giving a good and sufficient bond conditioned that such petition shall be duly presented to the appellate court within twenty days and to pay all costs, damages and expenses occasioned by reason of the stay of proceedings together with such other and further conditions as may be fixed by the trial court, in event the order or judgment of which a review is sought is not quashed, modified or reversed.
(8) JUDGMENT AGAINST SURETY: By entering into a supersedeas or stay order bond, given pursuant to this or any other statute, or order of court, the surety submits himself to the jurisdiction of the trial court. After motion and citation his liability may be enforced without the necessity of an independent action: Provided, however, that this provision shall not be applicable to state boards, commissions and other bodies from which an appeal may be taken.
(9) APPELLATE COURT MAY GRANT: Nothing herein shall be construed as denying the appellate court jurisdiction to grant supersedeas in like manner as the trial court.
Section 14. That Section 59.14, Florida Statutes, 1941, is amended to read as follows: *Page 893 
59.14 SUPERSEDEAS BOND NOT REQUIRED OF THE STATE AND ITS POLITICAL SUBDIVISIONS AND THEIR BOARDS, COMMISSIONS, ETC.; SECURITY WHEN REQUIRED:
(1) WHEN SECURITY NOT REQUIRED: When the state or any of its political subdivisions, or any officer, board, commission, or other public body of the state or any of its political subdivisions, in a purely offical capacity, takes an appeal, the filing of the notice of appeal shall perfect the same and stay the execution or performance of the judgment, decree, or order appealed from, and no supersedeas bond need be given unless expressly required by the appellate court.
(2) APPELLATE COURT MAY REQUIRE BOND: The appellate court may, on motion for good cause shown, require a supersedeas bond or other security, in such amount, form and manner as it may prescribe as a condition for the further prosecution of the appeal.
(3) EXECUTION OF BOND WHEN REQUIRED: When a supersedeas bond is required by the appellate court as aforesaid, or where an appeal, or other proceeding, is taken in any court wherein the above exemption is not applicable, and where there is no court rule or otherwise exempting such parties from giving supersedeas, cost or other required bond, such parties are authorized to make and execute such required bond, with a corporate surety thereon duly licensed to do business in this state. Premium or other cost for the said bond may be paid from the general necessary and regular appropriation of the party taking the appeal, if the state or any of its officers, boards, commissions or other agencies, and from the county general fund, school general fund, or otherwise as the case may be, if a political subdivision of the State of any of their officers, boards, commissions or other agencies. The officers of the State and its political subdivisions, and the executive officers of their boards, commissions, and other agencies aforesaid, are authorized to make and execute such bonds in behalf of such parties.
Section 15. That Sec. 59.15, Florida Statutes, 1941, is amended to read as follows: *Page 894 
 59.15 BILLS OF EXCEPTIONS ABOLISHED; REPORTER'S TRANSCRIPT; WHAT RECORD CONSISTS OF:
(1) BILLS OF EXCEPTIONS ABOLISHED: For appellate purposes, under this chapter, bills of exceptions and the formal authentication thereof are abolished.
(2) REPORTER'S TRANSCRIPT: When any proceeding in the trial court has been stenographically reported, the court reporter shall, within the time for filing directions by appellant or within further time as may be allowed by the trial court, file a certified copy of his transcribed notes with the clerk of the trial court, or with the judge if there be no clerk, for use in preparing the record on appeal. The clerk, or judge if there be no clerk, shall not be required to verify, nor shall he make any charge for, any such copy when physically incorporated in the transcript. The trial court shall, at all times, have power to make the said report speak the truth.
(3) REPORTER'S TRANSCRIPT, REQUIREMENTS: Every reporter's transcript shall comply with the requirements, by statute, court rule or otherwise, for the transcript of record.
(4) PROCEEDINGS IN PAIS, AUTHENTICATION: Proceedings in pais, not stenographically reported, may be authenticated by recitals in orders, judgments, or decrees, of the trial court, or of the judge thereof, or by a stipulation by the interested parties.
(5) WHAT RECORD CONSISTS OF: All pleadings, motions, exhibits and other papers and instruments properly filed in a cause, and upon which an assignment of error is founded, shall be considered a part of authentication.
Section 16. That Section 59.16, Florida Statutes, 1941, is amended to read as follows:
59.16 STIPULATED RECORD ON APPEAL: When the questions presented by an appeal may be determined without the examination of the entire record in the trial court, the interested parties may prepare and sign a statement of the cause showing how the questions arose and were decided, setting forth only so many of the facts averred and proved, *Page 895 
or sought to be proved, as are deemed essential to a decision of the questions in the appellate court, together with any assignments of error relied on by the parties. Such stipulated record, when certified by the clerk, or judge if there be no clerk, and transmitted to the appellate court shall constitute the entire record on appeal.
Section 17. That Section 59.17, Florida Statutes, 1941, is amended to read as follows:
59.17 WHEN BOOKS, DOCUMENTS, ETC., MAY BE CERTIFIED FOR INSPECTION: With the approval of the trial court, voluminous books, documents, and instruments produced in evidence may be certified to the appellate court for inspection as original exhibits in the manner prescribed by Section 59.28. In such cases it is unnecessary to copy such books, documents, and instruments into either reporter's transcript or the transcript of record. The books, documents, and instruments shall be returned to the trial court upon the final determination of the cause in the appellate court.
Section 18. That Section 59.18, Florida Statutes, 1941, is amended to read as follows:
59.18 IMPROPER INCLUSION OF MATTER IN RECORD OR REPORTER'S TRANSCRIPT; EFFECT: Any pleading, motion, document, proceedings or other matter which is included in the reporter's transcript when it should be exhibited by the record proper, and any pleading, motion, document, proceeding or other matter which is included in the record proper when it should be exhibited by the reporter's transcript, shall be considered by the appellate court with the same force and effect as if it had been properly exhibited; provided, however, the same appears in the record in the appellate court so that it may be definitely identified and is so exhibited as to import authenticity.
Section 19. That Sec. 59.19, Florida Statutes, 1941, is amended to read as follows:
59.19 REPORTER'S TRANSCRIPT, AMENDMENTS: Any reporter's transcript may be amended by the trial court, upon reasonable notice and a showing of good cause, at any *Page 896 
time before the transcript is filed in the appellate court, or with leave of the appellate court after the transcript has been so filed.
Section 20. That Section 59.20, Florida Statutes, 1941, is amended to read as follows:
59.20 REPETITION IN RECORD PROHIBITED: In all cases where any assignment of error, document or other pleading shall appear, at any place in the transcript, it shall not be repeated or duplicated therein, but shall be designated by appropriate reference wherever it reappears.
Section 21. That Section 59.21, Florida Statutes, 1941, is amended to read as follows:
59.21 TRANSCRIPT OF RECORD; PREPARATION BY ATTORNEY: Whenever an appeal shall have been entered to any court where a certified transcript of the record in the trial court is required to be filed, it shall be lawful for any attorney at law representing the appellant to prepare the transcript, for certification by the clerk, in the manner required by statute and rules of court.
Section 22. That Section 59.22, Florida Statutes, 1941, is amended to read as follows:
59.22 TRANSCRIPT OF RECORD; CERTIFICATION BY CLERK: After the transcript of record is prepared by an attorney as provided in Section 59.21, the original thereof shall be presented to the clerk of the trial court, or to the judge if there be no clerk, for certification in the manner provided by statute and court rule.
Section 23. That Section 59.23, Florida Statutes, 1941, is amended to read as follows:
59.23 TRANSCRIPT OF RECORD; DUTIES AND OBLIGATIONS OF CLERK: When a transcript of record, prepared and presented to the clerk for certification as provided in Sections 59.21 and 59.22, is presented to the clerk of the trial court, or to the judge if there be no clerk, it shall be his duty to carefully compare the same with the original record in the cause, correct any errors and verify the same. When *Page 897 
corrected and verified said transcript of record shall be certified, by said clerk or judge, in accordance with the requirements of the statutes and rules of court, and forthwith delivered to the appellant or his attorney, upon the payment of the compensation hereinafter provided.
Section 24. That Section 59.24, Florida Statutes, 1941, is amended to read as follows:
59.24 COMPENSATION OF CLERK FOR VERIFICATION: The clerk, or judge if there be no clerk, shall receive for his examination, correction, verification and certification of a transcript of record, prepared and presented to him for certification as provided in Sections 59.21-59.23 the sum of ten cents for each three hundred words or fraction thereof of the original record compared, corrected, and verified, and the sum of fifty cents for the certificate. For recopying or remaking any part of the said transcript he shall receive additional compensation as provided in Section 59.25.
Section 25. That Section 59.25, Florida Statutes, 1941, is amended to read as follows:
59.25 COMPENSATION OF CLERK FOR RECOPYING: The clerk, or judge if there be no clerk, shall receive, for recopying or remaking any part of the transcript, presented to him as provided in Sections 59.21-59.23, found incorrect and requiring recopying or remaking, the sum of ten cents for each three hundred words or fraction thereor so recopied or remade, which compensation shall be in addition to that mentioned in Section 59.24.
Section 26. That Section 59.26, Florida Statutes, 1941, is amended to read as follows:
59.26 REFUSAL OF CLERK TO VERIFY AND CERTIFY: Any clerk, or judge, if there be no clerk, who shall wilfully fail or refuse to examine, correct, verify, and certify any transcript of record, prepared and presented to him for certification as provided in Sections 59.21-59.23, shall be deemed in contempt of the appellate court to which the appeal is taken and may be required, by a rule of said court, to forthwith comply with the terms and requirements of this chapter. *Page 898 
Section 27. That Section 59.27, Florida Statutes, 1941, is amended to read as follows:
59.27 FILING RECORD IN APPELLATE COURT AND PROCEEDINGS THEREON:
(1) Whenever a transcript of the record in the lower court shall be required in the appellate court, it shall be the duty of the appellate to demand from the clerk of the trial court, or the judge if there be no clerk, a true and correct transcript of so much of the record as is required for the appeal, and file said transcript in the appellate court within the time provided by law or rule of court for the filing thereof.
(2) If the appellant fails to procure and file the transcript of record as aforesaid, the appellate court shall, unless good cause be shown, dismiss the appeal upon the production by the adverse party, of a certificate by the clerk of the trial court, or the judge if there be no clerk, showing that an appeal has been taken and the date when taken.
(3) Upon receipt of the mandate of the appellate court, or upon receipt of a certified copy of the order dismissing the appeal and the expiration of the time for petitioning the appellate court for a rehearing without the filing of such petition, or the denial of such petition if filed, the trial court shall proceed to enforce the judgment, order, or decree appealed from, and issue execution for costs and damages which may have been adjudged by the appellate court.
(4) If the appeal be to an appellate court other than the Supreme Court, from a trial court in the same county wherein the appellate court is located, no transcript of the proceedings and record in the trial court shall be required, but may be used at the option of the appellant but in lieu thereof the clerk of the trial court, or the judge if there be no clerk, shall, upon written request of the appellant or of the appellee, deliver the complete original file, or such portions thereof as may be designated in writing by the parties, to the clerk of the appellate court, taking a receipt for the same, which record may be used for said appeal. Upon the final disposition of the cause by the apellate court the said original file shall be returned by the clerk of the appellate court to the trial court. *Page 899 
Section 28. That Section 59.28, Florida Statutes, 1941, is amended to read as follows:
59.28 TRANSMISSION OF EXHIBITS TO APPELLATE COURT: Whenever the judge of the trial court shall certify that, in his opinion, it is necessary that the appellate court should have before it for consideration on such appeal any original paper, book, document, map, picture, photograph, or exhibit of any kind whatsoever, offered or received in evidence at the trial of such cause; it shall be the duty of the clerk of the trial court, or the judge if there be no clerk, to transmit the same to the clerk of the appellate court with his certificate that such exhibit is the identical exhibit offered or received in evidence at the trial. It shall be the duty of the appellate court, in considering such appeal, to examine such exhibit, so transmitted, in determining the correctness of the trial court in receiving or excluding the same from evidence; in determining the sufficiency or insufficiency of the evidence to support the verdict; in determining the correctness of the trial court in granting or refusing a new trial; or in affirming or reversing the judgment of the lower court, just as fully as though the same were incorporated in a transcript of record.
Section 29. That Section 59.29, Florida Statutes, 1941, is amended to read as follows:
59.29 AMENDMENT OF APPELLATE PROCEEDINGS: The appellate court may, at any time, in the furtherance of justice, upon such terms as may be just, permit appellate proceedings to be amended.
Section 30. That Section 59.30, Florida Statutes, 1941, is amended to read as follows:
59.30 DISMISSAL; WANT OF PROPER PARTIES AS GROUNDS: No appeal shall be dismissed for want of proper parties if the notice of entry of appeal shall identify with reasonable certainty the judgment or decree sought to be reviewed. In case of numerous parties it shall be sufficient designation to identify the cause by its usual title in the inferior court and the abbreviation "et al." may be used to designate parties other than those expressly named. To this *Page 900 
end the proceedings upon appeal shall be taken and considered as a step in the cause.
Section 31. That Section 59.31, Florida Statutes, 1941, is amended to read as follows:
59.31 DISMISSAL FOR ERROR NOT INSISTED UPON: No cause shall be dismissed by an appellate court for any defect or omission not insisted upon by the adverse party.
Section 32. That Section 59.32, Florida Statutes, 1941, is amended to read as follows:
59.32 DISMISSAL; REINSTATEMENT OF DISMISSED CAUSES:
(1) Whenever an appeal is taken to an appellate court, and the same is dismissed, or a motion to dismiss the same is made, because of any defective certificate of the clerk of the trial court, or the judge if there be no clerk, the same shall be reinstated upon the said docket, if dismissed, or the motion to dismiss shall be denied, if, within thirty days from the date of notice of such dismissal, or motion to dismiss, as the case may be, a proper certificate be tendered and filed; and,
(2) In every case where it shall appear to the appellate court that a reporter's authenticated transcript is actually incorporated into the transcript of the record, said court shall have authority to recognize and consider such reporter's transcript in the furtherance of justice, notwithstanding it may appear that such transcript was not properly filed in the lower court and notwithstanding any other alleged or apparent defect in the procedure by which such transcript was made up and filed; provided, that said appellate court is satisfied that such transcript fairly and truly reflects the matters in pais transpiring in the lower court in such case, notwithstanding the manner or means by which the same was brought into being.
Section 33. That Section 59.33, Florida Statutes, 1941, is amended to read as follows:
59.33 QUASHING APPEALS; POWER OF APPELLATE COURT: Appellate courts shall have power to quash appeals in all cases in which appeals do not lie, or where they are *Page 901 
taken against good faith or merely for delay, and may decree in such case damages against the appellant not exceeding ten per cent.
Section 34. That Section 59.34, Florida Statutes, 1941, is amended to read as follows:
59.34 JUDGMENT; DUTY OF APPELLATE COURT IN ITS DETERMINATION OF CAUSES: The court, on an appeal, shall examine the record, and reverse or affirm the judgment, sentence or decree of the court below; give such judgment, sentence, or decree as the court below should have given; or otherwise as to it may appear according to law.
Section 35. That Section 59.35, Florida Statutes, 1941, is amended to read as follows:
59.35 JUDGMENT; POWER OF APPELLATE COURT TO DIRECT A NEW TRIAL UPON ONE OR MORE ISSUES: An appellate court may, in reversing a judgment of a lower court brought before it for a review by appeal, by the order of reversal, if the error for which reversal is sought is such as to require a new trial, direct that a new trial be had on all the issues shown by the record or upon a part of such issues only. When a reversal is had, with direction for new trial on a part of the issues, all other issues shall be deemed settled conclusively in favor of the appellee.
Section 36. That Section 59.36, Florida Statutes, 1941, is amended to read as follows:
59.36 MANDATE; OPINION OF APPELLATE COURT TO ACCOMPANY: It shall be the duty of the clerk of the appellate court, in all cases wherein the judgment or decree of the lower court shall be reversed or modified, in which it shall write an opinion, to send down with the mandate, a correct copy of said opinion. The clerk of the trial court shall file such copy in the records and files of the case, same to become a part thereof.
Section 37. That Section 59.37, Florida Statutes, 1941, is amended to read as follows:
59.37 MANDATE; JUDGMENT OF APPELLATE COURT MAY BE CERTIFIED TO LOWER COURT AND THERE *Page 902 
ENFORCED: The appellate court may order that the record of the judgment or decree appealed from, with its decision and determination thereon in writing duly certified, be remitted to the court from which the appeal was taken; and the said decision and determination shall be carried into execution, by the officers of the lower court, a quo, or the appellate court may award execution to carry into effect its decision and determination.
Section 38. That Section 59.38, Florida Statutes, 1941, is amended to read as follows:
59.38 APPEALS AND SUPERSEDEAS IN GUARDIANSHIP PROCEEDINGS: The provisions of the Probate Laws of Florida concerning appeals and supersedeas, as set forth in Chapter 732, Florida Statutes, 1941, shall govern appeals and supersedeas in guardianship matters in the county judge's court. However, no appeal from an order revoking a guardianship and restoring property to the ward shall operate as a supersedeas.
Section 39. That Section 59.39, Florida Statutes, 1941, is repealed.
Section 40. That Section 59.40, Florida Statutes, 1941, is repealed.
Section 41. That Section 67.08, Florida Statutes, 1941, is transferred to Chapter 59, Florida Statutes, 1941, renumbered Section 59.41, and amended to read as follows:
59.41 STIPULATION AS TO TRANSCRIPT AND WHAT IT INCLUDES: In appeals the parties may stipulate and agree in writing what portions and parts of the papers and testimony shall be included in the record to be furnished the appellate court for the determination of said cause; provided, that the judgment, decree, or order appealed from shall, in every case, be included in full in the record.
Section 42. That an additional section is added to Chapter 59, Florida Statutes, 1941, to be designated as Section 59.42, Florida Statutes, 1941, reading as follows:
59.42 CERTIFIED QUESTIONS.:
(1) WHEN CERTIFIED: When it shall appear to a judge of the circuit court that there is involved in any cause pending *Page 903 
before him questions or propositions of law that are determinative of the cause and are without controlling precedent in this State and it is made to appear that instruction from the Supreme Court would facilitate the proper disposition of the cause, the circuit court may promptly, on its own motion or on motion of either party, certify said question or proposition of law to the Supreme Court for instruction.
(2) LIMITATIONS ON: Only questions or propositions of law that can be answered without regard to other issues may be so certified and they must be definitely and concisely stated. The certificate will not be employed in a way to affect the jurisdiction of the Supreme Court or the circuit court but will be limited to those cases in which it will facilitate the final disposition of the cause.
(3) CONTENTS OF CERTIFICATE: The certificate shall contain the style of the case, a "Statement of Facts" showing the nature of the cause and the circumstances out of which the questions or propositions of law arise, and the "Questions" of law to be answered.
(4) PREPARATION OF CERTIFICATE: The certificate may be prepared by stipulation as provided by rules of the Supreme Court or as directed by the circuit judge, upon due notice. When so prepared and signed by the judge, it shall be endorsed and certified to the Supreme Court by the clerk of the circuit court under his official seal.
(5) COSTS OF CERTIFICATE: If sufficient reason therefor is shown, the Supreme Court may require the entire record to be sent up and decide the controversy as if it were on appeal. The costs of the certificate shall be equally divided unless otherwise ordered by the Supreme Court. If the entire record is sent up and decision rendered as on appeal, costs may follow the general rule.
(6) BRIEFS AND ARGUMENT: When the certificate is filed in the Supreme Court, briefs shall be filed within fifteen and ten days unless otherwise directed. Oral argument may be granted on application as in other cases. *Page 904 
Section 43. That an additional section is added to Chapter 59, Florida Statutes, 1941, to be designated at Section 59.43, Florida Statutes, 1941, reading as follows:
599.43 APPLICATION OF CHAPTER: This chapter shall govern appellate review and proceedings in all courts and cases, including appellate proceedings from boards, commissions, and other bodies where provided for by law, where not otherwise expressly provided, and where otherwise provided may be used as an alternative method of review.
Section 44. That an additional section is added to Chapter 59, Florida Statutes, 1941, to be designated as Section 59.44, Florida Statutes, 1941, reading as follows:
59.4 CHAPTER CONSIDERED COURT RULES: This chapter and all amendments hereof hereafter made, shall be considered as rules of court, and may be changed, amended, repealed, or superseded by rules adopted by the Supreme Court of this State.
Section 45. That Section 67.07, Florida Statutes, 1941, is repealed.
Section 46. That all laws and parts of laws in conflict with the provisions of this Act are hereby repealed.
Section 47. That this Act shall take effect upon its becoming a law.
Became a law without the Governor's approval.
 Filed in Office Secretary of State June 11, 1945. *Page 905 
 AMENDMENT TO RULE 1 RELATING TO THE ADMISSION OF FOREIGN ATTORNEYS Adopted July 27, 1945 Effective on Said Date
Attorneys at law in good standing in other states may be permitted to take the State Bar Examination to be admitted to the Bar in Florida, (1) upon furnishing similar requirements of good character and fitness as are required of other candidates to take the examination, and (2) upon producing such evidence as the State Board of Law Examiners may require, that said applicant has been in the general practice of law for at least ten years immediately preceding the date of his application to take the examination, that he is in good standing at the Bar of the State from which he comes, and (3) the State Board of Law Examiners may require an abstract showing the scope and Character of the applicant's previous experience and practice at the Bar, his academic and legal training and his cultural background. If a thorough consideration of this abstract shows that the applicant is a lawyer of high character and ability, that his professional conduct has been above reproach, and that his academic and legal scholarship conforms to approved standards and sum up to the equivalent of that required of other candidates for admission to the examination, the State Board of Law Examiners may in its discretion admit such foreign attorney to the examination. In evaluating academic and legal scholarship, the Board of Law Examiners is clothed with a broad discretion and as basis for credit may take into consideration high school attendance, college attendance, law school attendance, night school attendance, study under a preceptor, study in a law office, lecture courses, independent study and research or any other method of study that it deems worthy of credit. The applicant's experience as a practitioner may also be considered in this connection. *Page 906 
 ADOPTION OF RULES ON APPEALS TO THIS COURT RELATING TO FLORIDA INDUSTRIAL COMMISSION Adopted January 26, 1946 Effective February 1, 1946
RULE 11.
(13) Florida Industrial Commission Appeals.
(a) Original Files for Record-on-appeal. Upon appeal to the Supreme Court of any judgment of a Circuit Court reviewing an award, order or decision of the Florida Industrial Commission or its agency, the portions of the original files and proceedings in the Circuit Court had in the prosecution of the appeal to the Circuit Court as are essential to the decision of the appeal may constitute the record-on-appeal to the Supreme Court.
(b) Substitution of Copies of Award, and SubsequentProceedings. If any appellant wishes to use the original files for the record-on-appeal he shall first cause to be filed with the clerk a certified copy of (1) any award by the deputy commissioner, (2) any rulings thereon by the full commission, and (3) the proceedings in the Circuit Court in respect thereto.
(c) Clerk of the Circuit Court. Upon it becoming time to prepare the record-on-appeal the clerk or appellant shall superimpose and bind to the front or top of the record, as certified by the Commission, the proceedings had in the Circuit Court and same shall be forthwith transmitted to the Supreme Court.
 *Page 1